**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| **JOHN CANELLA,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**WERNER CO. et al.,**<br><br>    **Defendants.** |

**Civil Action No. 2:21-cv-06188-KSH-CLW**

**REPORT AND RECOMMENDATION**

WHEREFORE plaintiff John Canella ("Plaintiff") initiated this action by filing a complaint on or about February 17, 2021 in the Superior Court of New Jersey, Law Division, Bergen County (Docket No. BER-L-1120-21); and

WHEREFORE Plaintiff served the summons and complaint upon defendant The Home Depot, Inc. ("Home Depot") on or about February 25, 2021; and

WHEREAS defendant Werner Co. ("Werner") timely filed a notice of removal asserting federal jurisdiction based on (i) diversity of parties under 28 U.S.C. § 1332(a)(1); and (ii) 28 U.S.C. 1442(a) [ECF No. 1]; and

WHEREAS Plaintiff timely moved to remand the action to state court [ECF No. 8]; and

WHEREAS Plaintiff's remand motion properly raises certain procedural defects in the notice of removal; e.g., that the notice of removal does not indicate (i) Home Depot's corporate residence at the time of removal; or (ii) whether Home Depot consented to removal; and

WHEREAS, under 28 U.S.C. § 1447(c), such defects may form the basis for a motion to remand; and

WHEREAS the notice of removal's reference to 28 U.S.C. § 1442(a) appears to be a typographical error; and

WHEREAS Home Depot and Werner have consented to the Court granting Werner's remand motion [ECF No. 10];

IT IS on this 4th day of May 2021, hereby

RESPECTFULLY RECOMMENDED that this case be remanded for all further proceedings to the Superior Court of New Jersey, Law Division, Bergen County; and it is further

RESPECTFULLY RECOMMENDED that the Clerk of the Court be directed to terminate this matter.

The parties have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C 636 and L. Civ. R. 71.1(c)(2).

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J